UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SOFIRE HENRY,

                          Plaintiff,                  1:23-cv-1124 (BKS/ML)

v.

P.O. KEVIN DOYLE, STATE TROOPERS DINAPOLI,
KATELYN RUFFALO, BACON, and BRITTANY
SCHURKO-GIULIANO,

                          Defendants.

---

**Appearances:**

*For Plaintiff:*
Michael H. Sussman
Sussman & Goldman
P.O. Box 1005
Goshen, NY 10924

*For Defendant P.O. Kevin Doyle:*
Stephen M. Groudine
Murphy Burns LLP
407 Albany Shaker Road
Loudonville, NY 12211

*For Defendants State Troopers DiNapoli, Katelyn Ruffalo, Bacon, and Brittany Schurko-Giuliano:*
Letitia James
Attorney General of the State of New York
Aimee Cowan
Judson N. Knappen
Michael J. Whalen
Assistant Attorneys General
300 South State Street, Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

Plaintiff Sofire Henry brings this civil rights action pursuant to 42 U.S.C. § 1983, claiming Defendants P.O. Kevin Doyle and State Troopers Michael Denapoli, Katelyn Ruffolo, William Bacon, and Brittany Giuliano (the "NYSP Defendants")[1] violated her rights: first, by subjecting her to excessive force as prohibited by the Fourth Amendment; and second, by discriminating against her on the basis of race as prohibited by the Equal Protection Clause of the Fourteenth Amendment. (Dkt. No. 1). This Court has previously dismissed Plaintiff's equal protection claim as against Defendant Doyle without prejudice and with leave to amend. (Dkt. No. 17).[2] Presently before the Court is the NYSP Defendants' motion to dismiss based on Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 39).  The NYSP Defendants have submitted an accompanying memorandum of law, (Dkt. No. 42), and Plaintiff has filed a response, (Dkt. No. 43). The NYSP Defendants have not filed a reply. For the following reasons, the Court grants in part and denies in part the NYSP Defendants' motion.

### II.    FACTS

The Court presumes the parties' familiarity with its May 30, 2024 decision, which recites the factual background of the case. *Henry v. Doyle*, No. 23-cv-1124, 2024 WL 2784210, at *1–2, 2024 U.S. Dist. LEXIS 95808, at *1–6 (N.D.N.Y. May 30, 2024).

---

[1] Plaintiff's complaint spelled certain of the NYSP Defendants' last names incorrectly and omitted two of their first names. (*See* Dkt. No. 1). The correct spellings, as indicated by the NYSP Defendants' attorneys, (*see* Dkt. Nos. 32–33), are provided here. The Clerk of Court is respectfully directed to correct the caption.

[2] Plaintiff has declined to amend her complaint. (*See* Dkt. No. 43, at 1 n.1).

**III.     STANDARD OF REVIEW**

"In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[] to matters outside the complaint to determine whether it has jurisdiction." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (quoting *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016)). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Cassano*, 186 F. Supp. 3d at 320 (quoting *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order)).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *E.E.O.C. v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**IV.     DISCUSSION**

The NYSP Defendants argue that Plaintiff's complaint must be dismissed on the grounds that: (1) they were insufficiently served, and (2) Plaintiff does not specifically allege how the NYSP Defendants were involved in violating Plaintiff's Fourth or Fourteenth Amendment rights. (Dkt. No. 42, at 8–12). Because service of process is a procedural requirement for a court to

3

exercise personal jurisdiction over a defendant, the Court considers the challenge to service of process prior to addressing the merits-based challenges. *Hines v. Roc-A-Fella Records, LLC*, No. 19-cv-4587, 2020 WL 1888832, at *2, 2020 U.S. Dist. LEXIS 67849, at *4–5 (S.D.N.Y. Apr. 16, 2020).

## A.   Service of Process

The NYSP Defendants argue that "[t]he Court lacks personal jurisdiction over [them] because Plaintiff failed to properly serve all Defendants." (Dkt. No. 42, at 8). Plaintiff responds that "pursuant to [Fed. R. Civ. P] 4(m), on July 12, 2024, this Court exercised its discretion to extend the time for service and that plaintiff complied with the extension in good faith and has served each moving defendant with the Summons and Complaint." (Dkt. No. 43, at 11).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) (citing Fed. R. Civ. P. 4). Rule 4(m) addresses the time limit for service, stating:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

### 1.   Plaintiff's Efforts to Serve Defendants

Plaintiff filed the complaint on September 5, 2023, and summonses were issued that day. (Dkt. Nos. 1–2).[3] On November 25, Plaintiff filed affidavits of service indicating that on

---

[3] A summons was reissued to Defendant Doyle on November 13, 2023, correcting his police department location and address. (Dkt. No. 5).

November 14, Trooper Thomas Manny accepted service on behalf of each of the NYSP Defendants at 1220 Washington Avenue, Building 22, Albany, New York 12226. (Dkt. Nos. 6–9). On November 30, counsel for the NYSP Defendants wrote to the Court stating that "none of the four NYSP Defendants were properly served," explaining that "none of the NYSP Defendants are assigned to 1220 Washington Avenue, which is NYSP Headquarters, and Trooper Manny was *not* authorized to accept service on their behalf at NYSP Headquarters." (Dkt. No. 10, at 1). The NYSP Defendants' counsel noted that she had "emailed Plaintiff's counsel [the day prior], raised this issue with him, and conveyed to him the Troop in which each of the NYSP Defendants *is* assigned so that proper service can be effectuated." (*Id.*).

On December 4, U.S. Magistrate Judge Miroslav Lovric filed a text order stating that "Plaintiff shall complete service on all Defendants pursuant to the federal rules and file affidavits of service in the docket by 1/8/2024." (Dkt. No. 12). The Court subsequently released its decision on Defendant Doyle's motion to dismiss on May 30, 2024, in which, responding to Plaintiff's request for leave to amend in the event the motion was granted, the Court ordered "that any amended complaint must be filed within twenty-one days of the date of this Memorandum-Decision and Order." *Henry*, 2024 WL 2784210, at *6, 2024 U.S. Dist. LEXIS 95808, at *13–14.

On June 26, Magistrate Judge Lovric issued another text order stating that "Plaintiff shall file a detailed status report by 6/28/2024 addressing compliance with Text Order 12," noting that "[t]he docket does not reflect the filing of affidavits of service upon the Defendants NYSP officers as directed by Text Order 12 and which was due to be filed on the docket by 1/8/2024." (Dkt. No. 20). Plaintiff's counsel responded that he had not served the NYSP Defendants because of his "desire to delay serving the remaining defendants until [he] received the district

5

court's decision on defendant Doyle's motion to dismiss," as he "reasoned that if the district court found persuasive those arguments, service on the remaining defendants would have been futile." (Dkt. No. 21, at 1). Plaintiff's counsel acknowledged that he "should have requested leave from [the Court] to delay service in light of this consideration," and "respectfully request[ed] until July 15, 2024 to serve each defendant with an Amended Complaint." (*Id.*).

Magistrate Judge Lovric denied the motion, explaining that Plaintiff had failed to file an amended complaint by the deadline and reiterated that the Court had "ordered defendants to answer the remaining claims by 7/9/2024." (Dkt. No. 23). A hearing to clarify the NYSP Defendants' obligations in light of Plaintiff's failure to properly serve them was held on July 12, and Magistrate Judge Lovric subsequently issued a text order, which read in relevant part: "(1) Plaintiff is directed to comply with all Orders of the Court; [and] (2) no later than 7/19/2024, Plaintiff shall properly serve all Defendants with the summons, Complaint Dkt. No. 1, and G.O. 25, and file on the docket affidavits of service." (Dkt. No. 27).

Trooper Valez accepted service on behalf of Defendants Ruffolo, Bacon, and Giuliano on July 12. (Dkt. Nos. 29–31). Trooper Nelson accepted service on behalf of Defendant Denapoli on July 26. (Dkt. No. 28). Plaintiff filed affidavits of service on the docket on July 30. (*See* Dkt. Nos. 28–31).

### 2. Compliance with the Court's July 12, 2024 Order

The NYSP Defendants argue that "the Court should dismiss all claims against [them] with prejudice as Plaintiff failed to follow the Court's order and file affidavits of service by July 19th," and that "the claim against Defendant Denapoli should be dismissed as he was not served until July 26th which was beyond the date ordered by the Court." (Dkt. No. 42, at 9). Plaintiff takes the position that "[a]ll defendants were served in a manner consistent with the final court order, except one, who was not at the location provided for service until July 25, 2024, when he

6

was served," and that "[a]ffidavits of service appear at docket numbers 28–31." (Dkt. No. 43, at 11). Plaintiff has attached an accompanying affirmation of counsel, in which he states the following:

> All defendants were served in a manner consistent with the final court order, though one was not at the location provided for service until July 25, 2024, when he was served. My process server advised me of multiple efforts to serve this defendant at the isolated location provided [along Route 84] and I advised him to continue making assiduous efforts to serve him and he finally succeeded in doing so.

(Dkt. No. 44, ¶ 8 (brackets in original)).

The Court finds that Plaintiff did not violate the Magistrate Judge's order by filing the affidavits of service on July 30. The July 12 text order is arguably ambiguous as to whether, in addition to properly serving the NYSP Defendants, affidavits of service were required to be filed by July 19. (*See* Dkt. No. 27). The wording of the minute entry from the July 12 hearing also suggests that Plaintiff had not been ordered to file the affidavits by July 19. (*See* 7/12/2024 Minute Entry ("Plaintiff is directed to properly serve all Defendants with the summons, Complaint Dkt. No. 1, and G.O. 25, by 7/19/2024 *and to also* file on the docket affidavits of service." (emphasis added)). However, Plaintiff clearly failed to follow the July 12 order with respect to serving Defendant Denapoli, who was not served until a week after the Court-ordered deadline. (*See* Dkt. No. 28).

### 3. Extension

Plaintiff argues that even if good cause does not exist for failing to comply with the Magistrate Judge's order, the relevant factors support a discretionary extension. (*See* Dkt. No. 43, at 11–12). "While an extension must be granted if the plaintiff meets the standard for a good cause extension, it may be granted if the court exercises its discretionary authority to extend the deadline." *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 357 (N.D.N.Y. 2014) (quoting

7

*Stuart v. Paulding*, No. 12-cv-25, 2013 WL 1336602, at *4, 2013 U.S. Dist. LEXIS 45123, at *10–11 (N.D.N.Y. Mar. 28, 2013)). The Court therefore assesses the appropriateness of granting either type of extension here.

### a. Good Cause Extension

"Courts consider two factors in determining whether good cause, i.e., excusable neglect, for failing to comply with Rule 4(m)'s time limit has been shown: '(1) the reasonableness and diligence of [the] [p]laintiff's efforts to serve, and (2) the prejudice to the [m]oving [d]efendants from the delay.'" *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008) (quoting *Lab Crafters, Inc. v. Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y. 2005)). "Courts generally will find good cause only where the failure to effect timely service was the result of circumstances beyond plaintiff's control, and was not the result of mere 'inadvertence, neglect, mistake or misplaced reliance.'" *Id.* (quoting *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)).

Here, Plaintiff's counsel states that the process server could not effectuate service because Defendant Denapoli "was not at the location provided for service until July 25, 2024, when he was served." (Dkt. No. 44, ¶ 8; *see also* Dkt. No. 38 ("My process server repeatedly sought to serve [Defendant Denapoli] at [his station] before July 26, but it was as repeatedly unmanned.")). While "extraordinary difficulty" in locating a defendant can constitute good cause for an extension of time to effect service, *see Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001), Plaintiff's counsel's affirmation is insufficiently detailed to meet the "heavy burden of proof" required to establish the existence of good cause, *see Beauvoir*, 234 F.R.D. at 56 (citation omitted). It is not clear, for example, when the process server tried to serve Defendant Denapoli or how many times he attempted to do so. (*See generally* Dkt. No. 44).

Moreover, while the affirmation states that Plaintiff's counsel "advised [the process server] to continue making assiduous efforts to serve" Defendant Denapoli, (Dkt. No. 44, ¶ 8), this is not enough information to assess whether Plaintiff's counsel adequately supervised the process server such that the Court can determine if the failure to timely serve Defendant Denapoli was truly out of Plaintiff's control. *See Beauvior*, 234 F.R.D. at 57 ("[I]t is 'trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served.'" (quoting *McKibben v. Credit Lyonnais*, No. 98-cv-3358, 1999 WL 604883, at *4, 1999 U.S. Dist. LEXIS 12310, at *11 (S.D.N.Y. Aug. 10, 1999))). Accordingly, the Court cannot find on this record that good cause has been established.

### b.     Discretionary Extension

"[E]ven if a good cause extension is denied, the Court should nevertheless consider granting a discretionary extension." *DiFillippo*, 299 F.R.D. at 357. "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66 (citations omitted).

In analyzing these factors, the Court finds that because Plaintiff would not be barred by the statute of limitations from refiling the action, the first factor weighs against Plaintiff. *See Beauvior*, 234 F.R.D. at 58 ("[C]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." (quoting *Carroll v. Certified Moving & Storage, Co., LLC*, No. 4-cv-4446, 2005 WL 1711184, at *2, 2005 U.S. Dist. LEXIS 48216, at *7 (E.D.N.Y. July 19, 2005))); *DeLuca*,

9

695 F. Supp. 2d at 67. The third factor also weighs against Plaintiff, as counsel for Defendant Denapoli quickly notified Plaintiff's counsel of the defect in service. (*See* Dkt. No. 10, at 1).

The second and fourth factors, however, strongly favor Plaintiff. Defendant Denapoli's counsel had notice since at least November 2023 of the claims against him, (*see* Dkt. No. 10, at 1), Defendant Denapoli was served only a few days after the deadline, (*see* Dkt. No. 28), and the motion to dismiss currently under consideration was filed on behalf of him as well as the other NYSP Defendants, (*see* Dkt. No. 39). Finally, "[t]here is nothing to suggest that [Defendant Denapoli] will be prejudiced if [P]laintiff is granted an extension." *See Beauvior*, 234 F.R.D. at 59.

The Court has weighed the four factors, along with "the principle that litigation should generally be resolved on the merits," *see Carroll*, 2005 WL 1711184, at *3, 2005 U.S. Dist. LEXIS 48216, at *7–8 (citing *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)), and concludes that a discretionary extension is warranted under these circumstances. The Court will therefore not dismiss the claims against any of the NYSP Defendants on the basis of insufficient service of process.

    **B.**    **Excessive Force Claim**

The NYSP Defendants also contend that Plaintiff's excessive force claim should be dismissed because "while the complaint names four members of the New York State Police there are no specific references to these Defendants nor any allegations that specifically allege these Defendants violated Plaintiff's rights in the body of the complaint." (Dkt. No. 42, at 10). Plaintiff responds, arguing that "[c]ontrary to their counsel's claim, the Complaint places each of the four state trooper defendants at the scene when the excessive force occurred and avers that none of them took any action to cause that force to desist," and that "this is enough to defeat this prong of the motion." (Dkt. No. 43, at 8).

10

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (citation omitted). "[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676). "A police officer is personally involved in the use of excessive force if he 'directly participates in an assault, or was present during the assault with reasonable opportunity to intercede on plaintiff's behalf yet failed to do so.'" *Durr v. Slator*, 558 F. Supp. 3d 1, 20 (N.D.N.Y. 2021) (quoting *Mcrae v. City of Hudson*, No. 14-cv-236, 2015 WL 275867, at *6, 2015 U.S. Dist. LEXIS 6979, at *17–18 (N.D.N.Y. Jan. 21, 2015)).

Plaintiff alleges that after Defendant Doyle called for backup, "four state troopers," who she had earlier identified as the NYSP Defendants, "arrived on the scene." (Dkt. No. 1, ¶ 26; *see id.* ¶ 2). Plaintiff further alleges that Defendant Doyle "told the other officers that plaintiff might have a gun in the car," after which "defendant officers, including Doyle, grabbed plaintiff by her hair, arms, and left leg, pulled her out of the car and threw her headfirst onto the concrete parking lot." (*Id.* ¶¶ 29–30). Plaintiff then explains that "[t]wo defendants jumped on plaintiff's back" and "cuffed her as plaintiff exclaimed that she could not breathe," (*id.* ¶ 31), and that, as these events were occurring, "none of the officers sought to intervene and cause the cessation of the excessive and unnecessary force being used against plaintiff," (*id.* ¶ 33). Accordingly, at all parts of the alleged assault, Plaintiff has alleged that the NYSP Defendants either participated in the use of force against her or were present and did not intervene, which is sufficient to plead their personal involvement.

The NYSP Defendants argue that Plaintiff has insufficiently alleged "who used force" and who "failed to intervene." (Dkt. No. 42, at 11 (arguing that the NYSP Defendants cannot "form a logical and reasonable defense without knowing simple and straight-forward facts as to who is alleged to put [sic] hands on the Plaintiff and who is alleged to have failed to intervene")). This argument fails for two reasons. First, Plaintiff's allegations indicate that all four NYSP Defendants were involved in removing her from the car and throwing her onto the parking lot. (*See* Dkt. No. 1, ¶ 30). Second, with respect to the part of the assault in which only some defendants, who are not specified, are alleged to have participated, "a defendant''s presence may be sufficient to establish personal involvement where the plaintiff is unaware of who actually engaged in the use of excessive force" in certain cases. *Durr*, 558 F. Supp. 3d at 20; *see also Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003) ("A plaintiff need not establish who, among a group of officers, directly participated in the attack and who failed to intervene." (citing *Skorupski v. County of Suffolk*, 652 F. Supp. 690, 694 (E.D.N.Y. 1987)), *aff'd sub nom. Jeffreys v. City of New York.*, 426 F.3d 549 (2d Cir. 2005)). And given that the alleged assault involved jumping on Plaintiff's back after being thrown to the ground headfirst, it is understandable that Plaintiff has not more specifically identified the role of each officer. *See Snoussi v. Bivona*, No. 5-cv-3133, 2010 WL 3924683, at *5, 2010 U.S. Dist. LEXIS 103066, at *16 (E.D.N.Y. Sept. 29, 2010) ("That [the plaintiff] cannot say what each of the defendants did to him is not surprising given his allegations that he was handcuffed, pushed to the floor, had a boot thrust into his neck, and pummeled."); *Lapoint v. Vasiloff*, No. 15-cv-185, 2017 WL 976947, at *5, 2017 U.S. Dist. LEXIS 35083, at *12 (N.D.N.Y. Mar. 13, 2017) ("Plaintiff's failure to identify each Defendants [sic] specific actions is further explained by the fact that Plaintiff contends that he was unable to see because 'one officer was still shining his flashlight directly in my face.'"). The Court will

therefore not dismiss Plaintiff's excessive force claim for inadequately pleading the NYSP Defendants' personal involvement.

### C. Equal Protection Claim

Finally, the NYSP Defendants ask the Court to dismiss Plaintiff's equal protection claim, requesting that the Court apply "the same legal analysis" it applied when dismissing the same claim against Defendant Doyle. (Dkt. No. 42, at 11–12). Plaintiff has stated that she "does not seek to perpetuate [this] claim against the remaining defendants." (Dkt. No. 43, at 1 n.1). As Plaintiff does not seek to pursue this claim further, the Court dismisses it against the NYSP Defendants here too.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the NYSP Defendants' motion to dismiss, (Dkt. No. 39), is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's equal protection claim against the NYSP Defendants is **DISMISSED**; and it is further

**ORDERED** that the NYSP Defendants' motion to dismiss, (Dkt. No. 39), is otherwise **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated: April 8, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge